UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

TAFT PILJ,
    *Plaintiff*,

v.

JOHN DOE, *et al.*,
    *Defendants.*

No. 3:20-cv-771 (VAB)

**INITIAL REVIEW ORDER**

Taft Pilj ("Plaintiff"), formerly incarcerated at New Haven Correctional Center in New Haven, Connecticut, has filed a Complaint *pro se* under 42 U.S.C. § 1983. Compl., ECF No. 1, at 1 (June 3, 2020). Lieutenant John Doe and Warden Jane Doe are named as Defendants. *Id.*

Mr. Pilj asserts claims of deliberate indifference to his medical needs and unconstitutional conditions of confinement, *see id.* at 5-6, and seeks compensation for scarring and violation of his constitutional rights, as well as discipline of Defendants, *see id.* at 6.

For the reasons stated below, these claims are **DISMISSED**.

To the extent Mr. Pilj can remedy any of the deficiencies in his Complaint, he may file an Amended Complaint by **January 8, 2021**. Failure to file by this date will result in the dismissal of this case with prejudice.

**I.    BACKGROUND**

On October 29, 2019, Mr. Pilj allegedly received a diagnosis of scabies[1] and had to be

---

[1] Although not clearly defined from a specific medical source, scabies has been described as a condition that involves "intense itching." *Samuels v. Jackson*, No. 97 Civ. 2420 (MBM), 1999 WL 92617, at *1 (S.D.N.Y. Feb. 22, 1999); *see Barnes v. Malavi*, 412 F. Supp. 3d 140, 144 (E.D.N.Y. 2019); *Thurmond v. Thomas-Walsh*, No. 18-cv-409 (KMK), 2019 WL 1429559, at *6 (S.D.N.Y. Mar. 29, 2019).

confined to his quarters. Compl. at 5 ¶ 1. As part of his treatment, Mr. Pilj allegedly took a shower at 8:00 p.m. to wash off the first ointment treatment. *Id.* ¶ 2.

On November 1, 2019, Lieutenant Doe allegedly told Mr. Pilj that he could not leave his cell for the safety of the other inmates, because of his scabies diagnosis. *Id.* ¶¶ 3-4. On November 2, 2019, at 10:00 a.m., the medical unit allegedly cleared Mr. Pilj of scabies. *Id.* at 6 ¶ 5.

On November 2, 2019, Mr. Pilj allegedly returned to his housing unit and took his first shower since October 29, 2019. *Id.* ¶ 6. At that time, Mr. Pilj allegedly noticed a rash on his biceps and shoulder blades that the medical unit had been unable to treat or explain. *Id.* ¶ 7. Mr. Pilj allegedly scratched the untreated rash and now has scarring. *Id.* ¶ 8.

## II.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P.

8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555, and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face," *id.* at 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

**III.   DISCUSSION**

Mr. Pilj does not identify the legal basis for his claims.

Instead, he merely seeks compensation for permanent scarring and being denied the

3

ability to leave his cell or shower for three days. Liberally construing his allegations, however, the Court reviews these claims as ones for deliberate indifference to his medical needs and unconstitutional confinement.

As this incident occurred while Mr. Pilj was a pretrial detainee,[2] his claims will be considered as claims under the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) ("A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight[h] Amendment.").

### A. The Deliberate Indifference Claim

To state a claim for deliberate indifference to serious medical needs, a pretrial detainee must meet a two-prong test. The first prong is the same for claims by sentenced prisoners under the Eighth Amendment and pretrial detainees under the Fourteenth Amendment. First, the alleged deprivation of medical care must be "sufficiently serious." *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The second prong differs for sentenced inmates and pretrial detainees. Under the Fourteenth Amendment, the second, or *mens rea*, prong is defined objectively. *Darnell*, 849 F.3d at 35. Under the second prong,

> the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.

*Id.* Negligence is insufficient to satisfy this component. *See id.* at 36 ("A detainee must prove that an official acted intentionally or recklessly, and not merely negligently.").

---

[2] The record of Mr. Pilj's arrest and incarceration can be found through the following database: https://www.jud2.ct.gov/crdockets/SearchByDefDisp.aspx (last visited Nov. 20, 2020).

4

Generally, to satisfy the first prong of the deliberate indifference standard, a plaintiff must show "that the alleged deprivation of medical treatment is, in objective terms, 'sufficiently serious'—that is, the prisoner must prove that his medical need was 'a condition of urgency, one that may produce death, degeneration, or extreme pain.'" *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (quoting *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998)); *see Salahuddin*, 467 F.3d at 279. The Second Circuit has identified several factors that are "highly relevant" to the question of whether a medical condition is sufficiently serious, including "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

Mr. Pilj alleges having suffered from an undiagnosed rash. Compl. at 6 ¶ 7. But courts have held that a rash is not a serious medical need. *See, e.g., Lewal v. Wiley*, 29 F. App'x 26, 29 (2d Cir. 2002) (summary order) (affirming dismissal of deliberate indifference claim because persistent rash was not a serious medical condition); *Reid v. Nassau Cty. Sheriff's Dep't*, No. 13-cv-1192 (SJF) (SIL), 2014 WL 4185195, at *20 (E.D.N.Y. Aug. 20, 2014) ("persistent skin rash … does not constitute a sufficiently serious medical need" (internal quotation marks omitted)); *Purdie v. City of New York,* No. 10 Civ. 5802 (PKC), 2011 WL 1044133, at *3 (S.D.N.Y. Mar. 15, 2011) ("A skin rash is generally insufficient to meet the objective requirement of a sufficiently grave and serious condition giving rise to a deliberate indifference claim."); *Samuels*, 1999 WL 92617, at *1-3 (scabies causing open sores, abrasions, and scarring did not constitute sufficiently serious medical need).

As Mr. Pilj has not identified a serious medical need to satisfy the objective prong of the deliberate indifference standard, his deliberate indifference claim must be dismissed, and the Court need not consider the second prong.

Accordingly, Mr. Pilj's deliberate indifference claim will be dismissed under 28 U.S.C. § 1915A(b)(1).

### B. The Unconstitutional Confinement Claim

"A pretrial detainee may not be punished at all under the Fourteenth Amendment, whether . . .by deliberate indifference to conditions of confinement, or otherwise." *Darnell*, 849 F.3d at 35. A pretrial detainee can state a substantive due process claim regarding the conditions of his confinement in two ways. *Id.* at 34 n.12. First, he can show that the defendants were deliberately indifferent to the conditions of his confinement. *Id.* Second, he can show that the conditions are punitive. *Id.*

To state a claim under the deliberate indifference standard, Mr. Pilj first must show that the challenged "conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health," *id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013)) (internal quotation mark omitted), "which includes the risk of serious damage to 'physical and mental soundness,'" *id.* (quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). "[T]he conditions themselves must be evaluated in light of contemporary standards of decency." *Id.* (citation and internal quotation marks omitted). The inquiry focuses on the "severity and duration" of the conditions, "not the detainee's resulting injury." *Id.* (citing *Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015)). Once he establishes objectively serious conditions, he must proceed to the second, or *mens rea* prong of the standard.

Mr. Pilj allegedly could not shower or leave his cell for days because of his diagnosis of

scabies. Compl. ¶¶ 4-6.

But courts have held that the denial of showers for a week is not an objectively serious deprivation. *See, e.g., Phelan v. Durniak*, No. 9:10-cv-666 (FJS/RFT), 2014 WL 4759937, at *11 (N.D.N.Y. Sept. 24, 2014) (citing cases); *Dolberry v. Levine*, 567 F. Supp. 2d 413, 417 (W.D.N.Y. 2008) (allegation that plaintiff suffered a skin rash due to lack of showers was a "*de minimis* injury that does not give rise" to an Eighth Amendment violation). The objective component of the deliberate indifference test is the same under the Fourteenth and Eighth Amendments. *Darnell*, 849 F.3d at 35 (applying new objective standard for second component of the deliberate indifference test for pretrial detainees but not changing standard for first component). As the lack of a shower for three days is not objectively serious, Mr. Pilj fails to state a plausible deliberate indifference claim.

Alternatively, pretrial detainees have a liberty interest in not being punished by the conditions of their confinement before an adjudication of guilt. In considering such a claim, the "court must decide whether the [condition] is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). Absent evidence of an "expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it.'" *Id.* (quoting *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963) (alterations omitted). "[I]f a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." *Id.* at 539.

7

Conversely, "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* Legitimate government objectives include "maintain[ing] security and order at the institution and mak[ing] certain no weapons or illicit drugs reach detainees," "ensuring the detainees' presence at trial," and managing the facility where the detainee is held. *Id.* at 540; *see also Lareau v. Manson*, 651 F.2d 96, 103 (2d Cir. 1981) (conditions of confinement constitute punishment only when a detainee is subjected "over an extended period to genuine privations and hardship not reasonably related to a legitimate governmental objective").

Mr. Pilj allegedly had been confined to quarters by the medical unit from October 29, 2019 until November 2, 2019 because of his scabies diagnosis. Because the three-day deprivation of a shower, as alleged by Mr. Pilj, is related to a legitimate governmental objective, care for a medical condition, this deprivation does not constitute punishment in violation of the Fourteenth Amendment. *See Bell*, 441 U.S. at 537 ("And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'").

Accordingly, Mr. Pilj fails to allege a substantive claim of unconstitutional conditions of confinement, and this claim will be dismissed.

### C. Any Claim Against Warden Doe

To state a cognizable claim for supervisor liability, Mr. Pilj must show that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference

> ... by failing to act on information indicating that unconstitutional acts were occurring.

*Shaw v. Prindle*, 661 F. App'x 16, 18 (2d Cir. 2016) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). Knowledge of an isolated incident after the incident's conclusion does not support a claim for supervisory liability. *See Ziemba v. Armstrong*, 430 F.3d 623, 625 (2d Cir. 2005) (insufficient evidence to support claim for supervisory liability where supervisor did not learn of incident until long after it concluded); *Andrews v. Gates*, No. 3:17-cv-1233 (SRU), 2019 WL 2930063, at *8 (D. Conn. July 8, 2019) (notice after the fact of an isolated incident insufficient to establish supervisory liability).

Mr. Pilj does not allege that he informed Warden Doe of the incident, or that Warden Doe otherwise knew of it before it occurred. Nor does he allege that his claims are the result of any policy or practice created by the Warden.

Accordingly, Mr. Pilj fails to state a plausible claim against Warden Doe, and any claims against Warden Doe will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Mr. Pilj's Complaint fails to state plausible claims through which relief may be granted. Therefore, this case is **DISMISSED**.

To the extent Mr. Pilj can remedy any the deficiencies in this Complaint, he may file an Amended Complaint by **January 8, 2021.** Failure to file by this date will result in the dismissal of this case with prejudice.

**SO ORDERED** at Bridgeport, Connecticut, this 20th day of November, 2020.

                                        /s/Victor A. Bolden
                                          Victor A. Bolden
                                          United States District Judge